# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TILSA FERNANDEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-16313 ) Honorable Sharon Johnson Coleman ) |
| CENTRAL STATES PENSION FUND, | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

I.  SUMMARY OF ARGUMENT

As established in Defendant's Motion to Dismiss and Memorandum of Law in Support thereof, Plaintiff cannot allege facts necessary to establish any element of her claims for religious discrimination, national origin discrimination, or retaliation. Plaintiff's Response does nothing to change this.

The facts alleged in the Complaint do not (and cannot) show that Plaintiff held religious beliefs about which she notified Central States and that prevented her from getting vaccinated against COVID-19. Plaintiff claims to root her alleged beliefs in her Shaman faith, yet the Complaint identifies only isolated purported tenets that courts across the country have found insufficient to survive a motion to dismiss. Moreover, Plaintiff failed to notify Central States until filing her Complaint that she objected to the COVID-19 vaccine because of her beliefs regarding abortion.

Plaintiff also cannot survive a motion to dismiss her national origin or retaliation claims. The allegations pleaded in the Complaint to support Plaintiff's failure to accommodate claim directly conflict with key factual assertions necessary to make out a *prima facie* case of national origin discrimination or retaliation. This includes Plaintiff's admission that Defendant's vaccination policy applied to all employees, and that the termination of her employment was a direct and foreseeable result of Plaintiff's refusal to comply with the policy after Central States denied her request for a religious exemption from the policy – before Plaintiff filed her EEOC charge.

Accordingly, and for the reasons expounded upon herein, Defendant Central States respectfully requests that the Court dismiss the Complaint with prejudice as Plaintiff cannot cure the fatal defects in her claims by repleading.

## II. ARGUMENT

### A. Plaintiff Does Not Allege a Plausible Claim for Religious Discrimination for Failure to Accommodate.

Plaintiff has not stated a plausible claim for relief because her Complaint relies on conclusory statements and threadbare recitals of the elements of religious discrimination. Consequently, Plaintiff's Complaint does not meet the pleading standards enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the Court should dismiss Plaintiff's Complaint with prejudice.

#### 1. Plaintiff Did Not Provide Notice to Central States of Her Purported Beliefs.

In her Complaint, Plaintiff alleges for the first time various tenets of her purported faith in support of her religious accommodation claim. However, Plaintiff did not state these tenets at the time she applied to Defendant for an exemption from its vaccination policy. "[A]n employee's complaint must provide sufficient information about the nature of the employee's beliefs in order to state a claim for Title VII religious discrimination." *Blackwell v. Lehigh Valley Health Network*, No. 5:22-CV-03360, 2023 WL 362392, at *6 (E.D. Pa. Jan. 23, 2023).

While Plaintiff alleges in the Complaint that she practices Ifa Lucumi – "an African diasporic religion that developed in Cuba during the late 19th century" (Compl. ¶ 20) – Plaintiff never mentioned these practices in her request for a religious exemption (Pl. Decl., Ex. 1). Plaintiff dedicates three paragraphs in the Complaint (Compl. ¶ 19-21) and two paragraphs in her Response to articulate these beliefs for the first time (Pl. Resp. at 1-2). Plaintiff also alleges for the first time in the Complaint that her Yoruba religious beliefs prohibit abortion (Compl. ¶ 29-30) but she never raised this in her exemption request to Defendant (Pl. Decl., Ex. 1).

Plaintiff cannot bolster her alleged religious beliefs after her employment ended in support of claims that Defendant failed to accommodate or otherwise discriminated against her on account

of them. *See, e.g.*, *Bartholomew v. Washington*, No. 3:23-CV-05209, 2024 WL 1426308 (W.D. Wash. Mar. 26, 2024). In *Bartholomew*, the plaintiff alleged that his "religious exemption request, like many other religious exemption requests, bases its objection on the vaccine's history *and the use of fetal cell lines for research and development.*" *Id*. at *4 (emphasis added). The plaintiff's exemption request and supporting documentation, however, contained no reference to the use of fetal cell lines for research and development *Id.* The court found that plaintiff's actual *request* made to the defendant, which focused on plaintiff's natural God-given immunity, did not establish a *prima facie* case that plaintiff held a bona fide religious belief against receiving the COVID-19 vaccine, and so the court granted the defendant's motion to dismiss. *Id.* at *5.

Similarly, here Plaintiff failed to inform Central States in her exemption requests that she objected to the vaccine mandate because of a religious opposition to abortion. Central States provided Plaintiff several opportunities to explain her religious objection(s); however, in neither her original exemption request nor in response to Central States's subsequent questionnaire did Plaintiff state that her religious beliefs conflicted with the vaccine because of the use of aborted fetal cell lines in development or testing. (Def. Moving Br. Exs. 2 & 3; *see also* Compl. ¶ 33.)

In her Response, Plaintiff makes conclusory statements that she "clearly communicated her objection to vaccinations to Defendant." (Pl. Resp. at 8.) But Plaintiff obviously did not do so given that she attempts now to supplement her request with new allegations in the Complaint and her Response instead of pointing to statements included in her exemption request to Central States. Further, while Plaintiff says that this case is distinguishable from *Petermann v. Aspirus, Inc.,* No. 22-CV-332, 2023 WL 2662899, at *3 (W.D. Wis. Mar. 28, 2023), she does not explain how. The holding in that case clearly applies here. The *Petermann* court dismissed plaintiff's vaccine-based religious discrimination claim because she did not communicate the specific belief that allegedly

3

conflicted with the employer's policy. 2023 WL 2662899, at *3. Similarly, here Plaintiff did not notify Central States either that she allegedly practices Ifa Lucimia or that she objected to the vaccines' development because of religious beliefs opposing abortion and fetal based research.

Because Plaintiff did not communicate these religious beliefs to Central States at the time she sought an exemption from its COVID-19 vaccination policy, she cannot rely upon them now to state a religious discrimination and failure to accommodate claim. Accordingly, the Court should dismiss Plaintiff's claim for this reason alone.

### 2. Plaintiff's Purported Shamanism Beliefs Are Not "Religious."

Under Title VII of the Civil Rights Act, Plaintiff must make more than mere threadbare assertions that she holds a *religious* observance or practice that conflicts with Central States's vaccination policy. Although courts hesitate to dispute a plaintiff's religious beliefs, as the court in *Passarella* acknowledged, "the court must distinguish between religious belief and other matters of personal conviction, because only religious beliefs warrant the heightened protection of . . . Title VII." *Passarella v. Aspirus, Inc.*, No. 22-cv-287, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023). Plaintiff has failed to allege that she holds *religious* beliefs warranting Title VII protection.

### a. Plaintiff relies on inapplicable and distinguishable case law to support the allegation that her Shamanism beliefs are religious.

Contrary to the case law Plaintiff cites in her Response, Shamanism as alleged is not a "religion" for purposes of Title VII because Plaintiff fails to establish a set of beliefs that occupy a place "parallel to that filled by the orthodox belief in God." *Guthrie-Wilson v. Cook County*, No. 1:23-cv-362, 2023 WL 8372043, at *2 (N.D. Ill. Dec. 4, 2023) (quoting *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013)).

Plaintiff misinterprets *State v. Cook*, No. 5-19-26, 2020 WL 615076, at *1 (Ohio Ct. App. 3d Feb. 10, 2020), an Ohio state appellate court decision in which a criminal defendant appealed

4

an order sentencing him to 24 months in prison for state drug possession charges based on a constitutional claim of free exercise. There the criminal defendant argued that his use of psilocyn (hallucinogenic) mushrooms played an integral role in his religious beliefs. *Id*. at *2. Interpreting the Ohio Constitution's Free Exercise Clause, the appellate court concluded that defendant's Shamanism "beliefs would seem to fall under a personal belief system and his use of hallucinogens and involvement with mushrooms did seem more for rehabilitation than religion." *Id*. at *6. Thus, this case does not support Plaintiff's position in this case that Shamanism is a religion.

      Plaintiff's reliance on *Thunderhorse v. Pierce*, 715 F. App'x 357 (5th Cir. 2017), is also misplaced. There, an inmate alleged that prison officials violated his free exercise rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and 42 U.S.C. § 1983. Contrary to Plaintiff's summary, the Fifth Circuit held that the inmate failed to demonstrate exceptional circumstances to support his motion to modify and enforce an injunction preventing the prison from interfering with his practice of Native American Shamanism.[1] *Id*. at 358. The decision, however, does not discuss the tenets of the Native American Shamanism at issue, nor does the court declare Native American Shamanism to be a religion. Instead, the Fifth Circuit sought to determine whether policy changes at the prison and relevant case law rendered injunctive relief previously granted obsolete and inequitable. Without a basis to conclude that the Shamanism allegedly practiced by Plaintiff is the same as the Native American Shamanism identified in *Thunderhorse*, or that Native American Shamanism is a religion for purposes under Title VII, the Court should ignore this case.

---

[1] In the Complaint, Plaintiff states (for the first time) that she practices Ifa Lucumi – "an African diasporic religion that developed in Cuba during the late 19th century" (Compl. ¶ 20), which appears to be a distinct religion from the Native American religions identified throughout this section.

5

Lastly, Plaintiff cites to *Gonzalez v. Joey*, No. Civ. No. 12-834, 2016 WL 10587952 (D.N.M. Mar. 2, 2016), where an inmate claimed violations of the First Amendment, Fourteenth Amendment, and the RLUIPA. The district court ruled that the prison housing Gonzalez denied his access to Native American religious programming, including participation in a sweat lodge. *Id*. at *1. Although the court concluded that "Plaintiff holds a sincere religious belief in Anahuac Theology / Pan-Mesoamerican Shamanism," *id.* at *7, the court did not legitimize Shamanism as a bona fide religious practice that required protection under Title VII. Nor does Plaintiff's Complaint or her Response provide any allegations that would allow this Court to conclude that her alleged Shamanistic practices equate to the Anauac Theology / Pan-Mesoamerican Shamanism beliefs practiced by the plaintiff in *Gonzalez*. Therefore, this case does not support Plaintiff's claims and allegations.

> **b.** **Plaintiff does not allege a religious belief that conflicts with the vaccination requirement.**

The Court should also grant Central States's Motion because Plaintiff alleges three isolated, conclusory "tenets" of Shamanism (i.e., abortion, spiritual healing, and treatment of animals) that do not conflict with Central States's vaccine mandate. Although "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Prakash v. Oregon Health and Science University*, No. 3:23-cv-01653-IM, 2024 WL 1462336, at *2 (D. Or. Apr. 04, 2024) (internal quotations and citations omitted). The three "tenets" Plaintiff asserts in the Complaint are conclusory, and the Complaint fails to establish how they conflict with the vaccine mandate.

Plaintiff opportunistically attempts to shoehorn her opposition to abortion as a "tenet" for which she objects to Central States's vaccine mandate. (Compl. ¶ 29 ("Plaintiff's religion also

6

prohibits abortion").) For the reasons stated above, the Court should reject Plaintiff's allegation because Plaintiff did not submit this objection in her requests to Central States for a religious exemption. (*Compare* Compl. ¶¶ 29-30 *with* Def. Moving Br. Exs. 2 & 3.) It is too late for Plaintiff to amend or change her exemption request and Plaintiff certainly cannot do so by asserting new allegations in her Complaint.

Plaintiff's Response ignores this key factual omission and, instead, dives blindly into abortion-related case law. Yet the facts here are clearly distinguishable from the cases Plaintiff cites because the plaintiffs in those decisions identified their religious objection to abortion as a basis for requesting a religious exemption to the employer's vaccine mandate *at the time they requested a religious exemption*. *See e.g., Aliano v. Township of Maplewood,* No. 22CV5598ESAME, 2023 WL 4398493, at *6 (D.N.J. July 7, 2023) (motion to dismiss denied where plaintiff expressly notified employer *at the time of her exemption request* that her religious beliefs in opposition to abortion conflicted with taking the vaccine); *Kather v. Asante Heath Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *4 (D. Or. July 28, 2023) (New Age Christian plaintiff informed employer *at the time of her exemption request* that her religious beliefs against abortion conflict with taking the vaccine).

Plaintiff relies heavily on *Leeck v. Lehigh Valley Health Network*, No. 5:22-CV-4634, 2023 WL 4147223, at *9 (E.D. Pa. June 23, 2023), a case in which the court noted that plaintiffs "must plead a little more" than a conclusory statement that their religion forbids vaccination. In *Leeck*, the plaintiff believed that "obtaining *any* chemical injections at this time ... is not His plan for me" because receiving the vaccine may "deem my body impure in the eyes of the Lord" and stated that she opposed abortion and the use of aborted fetal cells in the manufacture of vaccines. *Id*. at *5, 7 (emphasis added). Those beliefs, however, are different from the beliefs Plaintiff presented to

7

Central States in this case. As stated above, in her submissions to Central States, Plaintiff did not state or even suggest that her purported beliefs opposed abortion or the use of fetal cells in manufacturing vaccines. Rather, Plaintiff now pleads allegations in the Complaint that she never raised to Central States to consider at the time she requested a religious exemption from Defendant's vaccination policy.

The Court should also dismiss Plaintiff's failure to accommodate claim because her reliance on "spiritual healing" is not a religious belief but a matter of personal preference. The *Prakash* decision is comparable to the facts here. The plaintiff in *Prakash* objected to her employer's vaccine mandate because she was a "devout Hindu" who "believes that her body is the abode of God" and "it is her duty to respect it by believing in God's power of healing and ensuring the purity and balance of elements in her body." 2024 WL 1462336, at *2. The plaintiff's complaint did not survive a 12(b)(6) motion because the allegations failed to explain how plaintiff's Hindu beliefs conflicted with a vaccine mandate. *Id.* The same is true here. Plaintiff asserts that she believes in spiritual healing, but she does not address how spiritual healing conflicts with the vaccine. Plaintiff states without support or reference to religious tomes or scripture[2] that Shamans do not *rely* on vaccination for protection but, like the plaintiff in *Prakash*, the Complaint and Plaintiff's exemption requests do not state how a lack of reliance equates to a conflict.

On the contrary, the very language in Plaintiff's exemption request minimizes any alleged conflict. Plaintiff does not state that Shamanism rejects the vaccine for higher consciousness. She merely states that Shamans "do not *rely* on vaccines a[s] a form of protection." (Ex. 2 to Defendant's Moving Br.) Moreover, while Plaintiff claims that spiritual healing is a key tenet to

---

[2] Plaintiff's Response states, without citation, that her exemption request quoted from religious tomes to support her position, but the record proves this assertion to be false. Plaintiff's exemption request is entirely devoid of Chaman scripture. (See Exs. 2 and 3 to Defendant's Moving Br.)

Shamanism and one she would not breach, the Oklevueha Native American Church ("ONAC") to which Plaintiff is a member specifically states in its Statement on Personal Choice and 7 Guiding Principles that members have the personal choice whether to vaccinate.[3] The Court need not, and should not, accept as true Plaintiff's mere conclusory allegations that are contradicted by her own church. *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (the court need not accept as true allegations that are conclusory, unwarranted, or contradicted).

The same can be said for Plaintiff's assertion that her practice to honor animals conflicts with the vaccine. (Compl. ¶ 33.) Specifically, Plaintiff informed Central States in her response to the questionnaire that:

> This vaccine was tested on animals, its completely against my spiritual belief to torture animals in the process of making products/Medication/Vaccine. We honor animals as well as the amazing plants that grow on earth that are used as medicinal purposes. I have also converted to veganism to align with my spiritual beliefs.

(Def. Moving Br., Ex. 3; *see also* Compl. ¶ 33.)

Plaintiff's allegations here are equally conclusory and unsupported. She fails to provide any factual information to suggest the truth of her allegations and does nothing more than blanketly state that Plaintiff honors animals with no further connection to any religious beliefs. *See Brown v. Children's Hosp. of Phila.*, 794 F. App'x 226, 227 (3d Cir. 2020) ("[I]t is not sufficient merely to hold a 'sincere opposition to vaccination'; rather, the individual must show that the 'opposition to vaccination is a religious belief'") (citing *Fallon v. Mercy Catholic Med. Ctr. Of S.E. Pa.*, 877 F.3d 487, 490 (3d Cir. 2017)).

---

[3] *Available* at https://oklevuehanac.com/personal-choice-and-oklevuehas-seven-governing-values/ (last accessed April 8, 2024).

For the above reasons, the Court should dismiss Plaintiff's Complaint because, even viewed in a light most favorable to her, Plaintiff's alleged religious beliefs did not conflict with Central States's vaccination policy.

### c. Plaintiff's alleged beliefs are secular.

Plaintiff cannot circumvent the pleading standards by passing off secular beliefs as religious. In *Guthrie-Wilson*, 2023 WL 8372043, at *2, Judge Bucklo explained that "courts must distinguish between religious beliefs and other matters of personal conviction, as only the former is entitled to the protections of Title VII." (citations omitted.)[4] Here, Plaintiff stated in her exemption request that she refuses to get vaccinated due to her "belief that we have the ability to heal ourselves." (Pl. Decl., Ex. 1 at 2.) Courts, however, have consistently rejected plaintiffs' reliance on references to "natural immunity" in efforts to support religious beliefs in this context. *See, e.g.*, *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-CV-01306, 2022 WL 19977290, at *4 (D. Or. Dec. 20, 2022), *r. & r. adopted*, 2023 WL 3687406 (D. Or. May 26, 2023); *Fallon v. Mercy Cath. Med. Ctr. Of Se. Penn.*, 877 F.3d 487, 492 (3d Cir. 2017) (dismissing Title VII claim based on a religious objection to the flu vaccine that was derived from the secular/medical belief that a vaccine "may do more harm than good"); *Brox v. Hole,* 590 F.Supp.3d 359, 366 (D. Mass. 2022) ("the record suggests that plaintiffs' opposition to receiving the COVID-19 vaccine"—i.e., that God has instilled them with adequate immune systems and a corresponding preference for natural remedies—is "based primarily on 'philosophical, medical, or scientific beliefs, or personal fears or anxieties' rather than bona fide religious practices") (citation and internal quotations omitted), *aff'd in part, vacated in part, remanded*, 83 F.4th 87 (1st Cir. 2023); *Mason v. Gen. Brown Cent.*

---

[4] *See also What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* at L.2, EEOC, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (Oct. 25, 2021) (last visited April 9, 2024) (objections to COVID-19 vaccines "purely based on social, political, or economic views or personal preferences" are not religious beliefs under Title VII).

10

*Sch. Dist.*, 851 F.2d 47, 51-52 (2d Cir. 1988) (rejecting parents' religious objection to school's vaccination policy on grounds that cited belief in body's ability to self-heal was scientific and/or secular).

The court's decision in *Bartholomew* is particularly instructive. There the plaintiff objected to a mandatory vaccination policy on claimed religious beliefs. 2024 WL 1426308, at *1. The plaintiff provided the employer with a personal letter objecting to the vaccine mandate, which also included a letter from the plaintiff's pastor, who stated in part that "[a]s an individual Christian, and as an expression of yourself, *you are commanded to not allow anything to enter your body that violates your conscience*. To do so would be a direct violation of your religion and your faith." *Id.* at *6 (emphasis added). The court in *Bartholomew* found that the plaintiff did not provide a reason based on a bona fide religious belief for why he could not get vaccinated. *Id.* at *4. Instead, the district court held that plaintiff's reliance on "natural immunity" was a secular objection rather than a religious one. *Id.* at *5.

Here, Plaintiff's allegation "that we have the ability to heal ourselves by reaching higher consciousness" (Compl. ¶ 25) is not sufficient to save her claim from dismissal. Indeed, Plaintiff's exemption request identifies practices that are fundamentally secular and medical. Plaintiff refuses to get vaccinated because, in her words, "when we *heal* internally and spiritually we live a healthier and balance[d] life." (Pl. Decl., Ex. 1, at 2 (emphasis added).) In her own request, Plaintiff premises her Shaman beliefs on a preference against vaccination to enjoy a healthy lifestyle, which is a secular belief and not a religious tenet prohibiting vaccination.

**B.      Plaintiff Does Not State a Claim for National Origin Discrimination.**

The Court should also dismiss Plaintiff's national origin discrimination claim because the Complaint allegations fail to show that Central States treated Plaintiff differently because of her Mexican heritage. Implicitly acknowledging this, Plaintiff states that she "intends to demonstrate

11

through discovery that other non-Mexican employees were granted a religious exemption and she was not" and, alternatively, seeks leave to amend. (Pl. Resp. at 13.) Plaintiff fails to allege that the COVID-19 vaccination policy treated her any differently because of her Mexican heritage or treated Mexican or Mexican-American employees differently than other employees. Further, Plaintiff provides no indication that leave to replead would correct the deficiencies in the Complaint. On the contrary, the Complaint makes clear that Plaintiff has no factual information to suggest that Defendant applied its vaccination policy differently to employees based on their national origin.

A mere vague and conclusory allegation that some non-Mexican employees received an accommodation is insufficient to state an actionable claim of national origin discrimination and does not provide a basis for leave to amend the Complaint. As stated in Central States's Motion to Dismiss, a plaintiff must show a causal relationship beyond "mere labels and conclusions" to survive a motion to dismiss. *See Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016); *see also Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Plaintiff must allege more than a "sheer possibility" that discrimination occurred. She cannot do this because the Complaint already admits that the vaccine policy applied to all employees (Compl. ¶ 14) and that Central States terminated Plaintiff's employment not because of her national origin but because she failed to comply with Defendant's vaccination policy (Compl. ¶ 39). Plaintiff's own allegations demonstrate that Central States did not differentiate among employees based on national origin, and so the Court should dismiss with prejudice Plaintiff's national origin discrimination claim.

### C. Plaintiff Does Not State a Claim for Retaliation.

Plaintiff spends only three lines in the Response brief on her retaliation claim, alleging only that the termination of Plaintiff's employment occurred after she filed her EEOC charge. This is insufficient to survive Defendant's Motion to Dismiss. At this stage, Plaintiff must raise a right to

relief above the speculative level, which demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The fact that Plaintiff's separation occurred after she filed an EEOC charge does not by itself create an actionable inference of retaliation that Plaintiff's employment ended because she filed an EEOC charge.

Central States implemented the COVID-19 vaccination policy in June 2021. (Compl. ¶ 14.) The policy clearly stated in Section 4 that employees would receive discipline consistent with Central States's attendance policy for failure to comply. (Def. Ex. 1.) Central States denied Plaintiff's exemption request on August 13, 2021. (Compl. ¶ 34.) Plaintiff did not file her EEOC Charge until October 2021 (Compl. ¶ 18) and subsequently amended her charge on March 23, 2023 (Compl. ¶ 40), after Plaintiff's employment ended under the attendance policy due to her failure to comply with Central States's vaccination policy. The Complaint admits that "Plaintiff had not received the COVID-19 vaccine, and Defendant fired her *as it said it would*." (Compl. ¶ 39 (emphasis added).)

In other words, the Complaint states that Central States implemented the policy with clear instruction that a failure to comply would lead to discipline up to and including termination of employment. Plaintiff's retaliation claim thus fails as a matter of law because her separation – indisputably – resulted from her failure to comply with Defendant's vaccination policy. Indeed, Plaintiff admits this fact. (Compl. ¶ 39.) Therefore, Plaintiff has not stated – and cannot state – a retaliation claim. No amount of repleading or discovery can save Plaintiff's fatally flawed retaliation claim. Therefore, the Court should dismiss Plaintiff's retaliation claim with prejudice as amendment to the Complaint would be futile.

    **D.**    **Dismissal Should Be with Prejudice.**

In *Guthrie-Wilson*, the court refused plaintiff the right to amend because of its futility. For the reasons described above, the same outcome should apply to this case. Plaintiff cannot cure the

13

defects in her Complaint through amendment because Plaintiff's submitted request for a religious exemption contained deficiencies that Plaintiff cannot retroactively modify post-termination. Indeed, Plaintiff fails to indicate in her Response how she could cure the defects in the Complaint. Therefore, Central States asks the Court to dismiss all claims with prejudice.

### III. CONCLUSION

For all the foregoing reasons, including those set forth in Defendant's original filings, the Court should grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

CENTRAL STATES PENSION FUND

Dated: April 16, 2024      By: /s/ Michael S. Ferrell
                               One of Its Attorneys

Michael S. Ferrell
Daniel R. Simandl
Epstein Becker Green, P.C.
227 W. Monroe, Suite 3250
Chicago, IL 60606
(312) 499-1400
mferrell@ebglaw.com
dsimandl@ebglaw.com

*Attorneys for Defendant*
*Central States Pension Fund*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on April 16, 2024, he caused a copy of Defendant's Reply in Support of Motion to Dismiss Complaint to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which will send electronic notification of such filing to the following ECF participants, via email:

> Ethan G. Zelizer
> ethan@hrlawcounsel.com
> HR Law Counsel, LLC
> 29 South Webster Street
> Suite 350-C
> Naperville, IL 60540

> /s/ Michael S. Ferrell
> Michael S. Ferrell