IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TILSA D. FERNANDEZ,<br><br>    Plaintiff,<br><br>            v.<br><br>CENTRAL STATES PENSION FUND,<br><br>    Defendant. | Case No. 1:23-cv-16313<br>Hon. Sharon Johnson Coleman |

## **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Now comes Central States Pension Fund ("Central States" of "Defendant"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of Plaintiff Tilsa D. Fernandez ("Fernandez" or "Plaintiff"), and in support thereof, states as follows:

1. *Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.[1]*

**ANSWER:** Paragraph 1 of the Complaint does not state a factual allegation to which an answer is required. To the extent an answer is required, Central States denies each and every allegation, except admits only that Plaintiff alleges violations of Title VII and that this Court has jurisdiction over the matter. Central States denies that it violated Title VII.

2. *The employment practices alleged to be unlawful were committed within the state of Illinois and within the jurisdiction of the United States District Court for the Northern District of Illinois.*

---

[1] The italicized language through this Answer has been quoted verbatim from Plaintiff's Complaint.

**ANSWER:** Central States denies committing any unlawful employment practices, and admits only that Plaintiff was previously employed by Defendant within the state of Illinois and within the jurisdiction of this Court.

3. *Plaintiff, Tilsa D. Fernandez, is a resident of Cook County, Illinois.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief about the truth of the allegation in Paragraph 3, but admits only that Plaintiff's last known address to Defendant was located in Cook County, Illinois.

4. *At all relevant times, Defendant Central States has continuously been doing business in the State of Illinois and has continuously had at least 15 employees.*

**ANSWER:** Central States admits that it has continuously been doing business in the State of Illinois and has continuously had at least 15 employees since the inception of Plaintiff's prior employment with Central States through the present. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. *At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).*

**ANSWER:** Central States admits that it has continuously been an employer in an industry affecting commerce since the inception of Plaintiff's prior employment with Central States until the present. Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. *At all relevant times, Defendant has been a covered entity under Title VII.*

**ANSWER:** Central States admits that it has been a covered entity under Title VII since the inception of Plaintiff's prior employment with Central States until the present. Defendant denies any remaining allegation in Paragraph 6 of the Complaint.

7. *More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendant.*

**ANSWER:** Admit.

8.  *On June 7, 2023, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.*

**ANSWER:** Central States admits that the EEOC issued to Defendant a Letter of Determination dated June 7, 2023, the content of which speaks for itself. Defendant denies the remaining allegations in Paragraph 8 of the Complaint, including denying that Central States engaged in any unlawful employment practice or is obligated to provide Plaintiff with any relief.

9.  *On August 31, 2023, the Commission sent the parties a "Conciliation Failure and Notice of Rights", advising Plaintiff that the Commission was unable to secure a conciliation agreement acceptable to the Commission.*

**ANSWER:** Central States admits only that, on or about August 31, 2023, the EEOC sent Defendant a Conciliation Failure and Notice of Rights, the content of which speaks for itself. Defendant denies any remaining allegations in Paragraph 9 of the Complaint.

10. *All conditions precedent to the institution of this lawsuit have been fulfilled.*

**ANSWER:** Paragraph 10 of the Complaint does not state a factual allegation to which any answer is required. To the extent an answer is required, Central States denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

11. *Since at least June 2021, Defendant has engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a). The unlawful practices include but are not limited to, the following:*

**ANSWER:** Deny.

12. *Plaintiff began working for Defendant on November 30, 2015.*

**ANSWER:** Admit.

13. *In March 2020, most of Defendant's employees were told to work from home in response to the pandemic.*

**ANSWER:** Central States admits that starting in approximately the third week of March 2020 it transitioned most of its employees to work-from-home in response to the Covid-19 pandemic. Defendant denies any remaining allegations in Paragraph 13 of the Complaint.

14. *In June 2021, Defendant mandated that employees were to get the COVID vaccine as a condition of employment.*

**ANSWER:** Central States admits only that in June 2021 it issued a COVID-19 Vaccination Policy requiring initially that by August 13, 2021, employees be either vaccinated or receive an approved medical or religious exemption from the Covid-19 vaccination requirement in support of a planned transition for staff to return to working in the office. Further, employees who were non-compliant with the Vaccination Policy, because they remained unvaccinated and not approved for an exemption, would not be permitted to work in the office or permitted to continue working indefinitely from home. Such non-compliant employees would accumulate discipline for unexcused absences pursuant to Central States' existing collectively bargained Attendance Policy, up to and including termination of employment if an employee remained non-compliant. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15. *Defendant stated that it would consider medical and religious exemptions only; however, Defendant also stated that there would not be may [sic] exemptions issued and no more than a handful.*

**ANSWER:** Central States admits only that its COVID-19 Vaccination Policy included an opportunity for employees to request a medical or religious exemption from the vaccination requirement. Central States denies the remaining allegations in Paragraph 15, including that it placed any numerical limit on the number of exemption requests that would be approved. Stating further, Central States considered the merits of each exemption request separately on its own merit, including Plaintiff's request for a religious exemption.

16. *Defendant stated that applicable employees were to be vaccinated by August 13, 2021, with a return to the office date of September 7, 2021.*

4

**ANSWER:** Central States admits that its COVID-19 Vaccination Policy initially required employees who were not approved for an exemption to be vaccinated by August 13, 2021, with an initial anticipated return-to-office date of September 7, 2021. Central States further states that it later modified the return-to-office date more than once based on the then-current conditions of the COVID-19 pandemic and the applicable local, state, and federal public guidance at the time, and accordingly modified on more than one occasion the date by when employees not approved for an exemption needed to be vaccinated. Defendant denies any remaining allegations in Paragraph 16 of the Complaint.

17. *Defendant stated that a third of the applicable employees would come into the office on September 7, 2021, and work from home for the remainder of the week. On September 9 [sic], 2021, a different third of the applicable employees would come into the office and work from home for the remainder of the week. On September 9, 2021, the remaining third of the applicable employees would come into the office and work from home the remainder of the week.*

**ANSWER:** Central States admits only that the allegations contained in Paragraph 17 were the initial planned start of transitioning staff back to working in the office. Central States further avers that the referenced dates were later modified more than once based on considerations of the guidance from local, state, and federal public health officials regarding the pandemic, and that the return to work in the office schedule also changed over time when eventually implemented in 2022. Defendant denies any remaining allegations in Paragraph 17 of the Complaint.

18. *Defendant stated that each group of applicable employees (broken into thirds as discussed in Paragraph 17) would come into the office one day per week and work from home the rest of the week. This new work arrangement was subsequently pushed back to the week of April 4, 2022.*

**ANSWER:** Central States admits only that the allegations in Paragraph 18 represent the initial planned start of the return to the office schedule for staff, which was implemented starting on April 4, 2022, with Plaintiff's first day assigned to work back in the office being April 7, 2022. Central States further states that the schedule and frequency of staff working back in the office

increased over time starting from April 4, 2022, to the present. Defendant denies any remaining allegations in Paragraph 18 of the Complaint.

19. *Fernandez practices as a Shaman dedicated to various spiritual paths, including Ifa Lucumi, commonly known as Regla de Ocha, Regla Lucumi, or Lucumi, encompassing practices often referred to as "Santería." Within her temple, Fernandez is also a healer, meaning that she holds a position within her community to heal, love, and purge.*

**ANSWER:** Paragraph 19 of the Complaint contains factual allegations to which Central States does not need to respond pursuant to the Court's Memorandum Opinion and Order (Dkt. #25), issued on September 17, 2024, holding that "the Court will consider only the allegations related to Shamanism." To the extent portions of Paragraph 19 refer to Shamanism and an answer is required, Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 19 of the Complaint.

20. *If a Lucumi is an African diasporic religion that developed in Cuba during the late 19th century. It arose through a process of syncretism between the traditional Yoruba religion of West Africa, the Catholic form of Christianity, and Spiritism.*

**ANSWER:** Paragraph 20 of the Complaint contains factual allegations to which Central States does not need to respond pursuant to the Court's Memorandum Opinion and Order (Dkt. #25), issued on September 17, 2024, holding that "the Court will consider only the allegations related to Shamanism." To the extent an answer is required, Central States denies knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies each and every remaining allegation in Paragraph 20 of the Complaint.

21. *Fernandez primarily practices shamanism as a 'Chamán' or Healer 'Curandera.' This practice is an extension of Fernandez's Mexican heritage, passed down through generations by her elder ancestors.*

**ANSWER:** Paragraph 21 of the Complaint contains factual allegations to which Central States does not need to respond pursuant to the Court's Memorandum Opinion and Order (Dkt.

#25), issued on September 17, 2024, in which the Court dismissed Plaintiff's national origin discrimination claim. To the extent an answer is required, Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 21 of the Complaint.

22. *Fernandez specifically focuses on healing women, particularly those who have experienced trauma or ancestral abuse. Her expertise lies in womb healing and clearing the sacral chakra, which holds our healing capacities as women. Fernandez firmly believes, as did her ancestors, that a woman's body is sacred, serving as a natural healing vessel that influences our family, lineage, and ancestors energetically.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 22 of the Complaint.

23. *Practicing Chamáns like Fernandez do not rely on vaccines as a form of illness prevention and/or protection.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 23 of the Complaint.

24. *As a Chamán, Fernandez believes that diseases happen when certain spirits or demons start to interact with people's bodies and souls. Chamáns represent a link between humans and supernatural forces; they provide communication between the two sides and achieve an understanding of the parties through bargaining and sacrifices. The diseases that doctors would treat using vaccines, pills and medication, x-rays and scans, and surgeries and therapies are addressed in completely different ways among Chamáns, who employ gifts for the spirits, chanting of the prayers, and various rituals to interact with the spirits and affect human souls, bodies, and well-being.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 24 of the Complaint.

Firm:66140885v2

25. *As a Chamán, it is Fernandez's belief that we have the ability to heal ourselves by reaching higher consciousness, in addition to using elements of the earth such as herbs, essential oils, crystal energetic healing, and sound healing.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 25 of the Complaint.

26. *On July 15, 2021, Plaintiff submitted a request for a religious exemption based on her sincerely held religious beliefs.*

**ANSWER:** Central States admits the allegation in Paragraph 26 that Plaintiff submitted a request for a religious exemption on July 15, 2021, but denies that the request included an explanation of sincerely held religious beliefs for which an exemption was warranted.

27. *Plaintiff stated her belief that an individual disease or pandemic is an underlying spiritual or energetic issue, that manifests into the physical body, attaching to various viruses and disease.*

**ANSWER:** Central States admits only that on July 15, 2021, Plaintiff submitted a request for a religious exemption from the COVID-19 vaccination requirement, and the content of Plaintiff's request speaks for itself. Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 27 of the Complaint.

28. *As a result and extension of her sincerely held religious beliefs, Plaintiff stated that she was unable, in good conscience, to receive vaccines, including but not limited to COVID-19 vaccines on the grounds that receiving such a vaccine would violate Plaintiff's sincerely held religious beliefs, including her beliefs that human life is a gift from the spirits and disease and illness are a spiritual matter, not to be treated by modern medicinal means.*

**ANSWER:** Central States admits only that on July 15, 2021, Plaintiff submitted a request for a religious exemption from the COVID-19 vaccination requirement, and the content of Plaintiff's request speaks for itself. Central States denies knowledge and information sufficient to

8

form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 28 of the Complaint.

29. *Plaintiff's religion also prohibits abortion. Grounded in ancient Yoruba culture, children are deemed a "blessing" from Eledumare (the Supreme being in the Yoruba religion) and practitioners are warned not to "look a gift horse in the mouth" (so to speak) because that child might have come to this world to change the practitioner's life.*

**ANSWER:** Paragraph 29 of the Complaint contains factual allegations to which Central States does not need to respond pursuant to the Court's Memorandum Opinion and Order (Dkt. #25), issued on September 17, 2024, holding that "the Court will consider only the allegations related to Shamanism." To the extent an answer is required, Central States admits only that on July 15, 2021, Plaintiff submitted a request for a religious exemption from the COVID-19 vaccination requirement and the content of Plaintiff's request speaks for itself. Stating further, Central States denies that Plaintiff's exemption request referenced any objection to the COVID-19 vaccine based on any connection to abortion. Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 29 of the Complaint.

30. *As a result and extension of her sincerely held religious beliefs, Plaintiff stated that she was unable, in good conscience, to receive vaccines, including but not limited to COVID-19 vaccines, that were developed or tested using cell lines derived from aborted fetuses.*

**ANSWER:** Paragraph 30 of the Complaint contains factual allegations to which Central States does not need to respond pursuant to the Court's Memorandum Opinion and Order (Dkt. #25), issued on September 17, 2024, holding that "the Court will consider only the allegations related to Shamanism." To the extent an answer is required, Central States admits only that on July 15, 2021, Plaintiff submitted a request for a religious exemption from the COVID-19 vaccination requirement and the content of Plaintiff's request speaks for itself. Stating further, Central States denies that Plaintiff's exemption request referenced any objection to the COVID-

9

19 vaccine based on any connection to "cell lines derived from aborted fetuses." Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. *Fernandez was required to and did certify that her religious beliefs were sincere when she submitted the accommodation request..*

**ANSWER:** Central States admits only that on July 15, 2021, Plaintiff submitted a request for a religious exemption from the COVID-19 vaccination requirement, and the content of Plaintiff's request speaks for itself. Central States acknowledges that the request for exemption included a statement of Verification and Accuracy, confirming completion and accuracy of the information provided. Central States denies that this statement certifies to any degree whether Ms. Fernandez's religious beliefs are sincere. Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 31 of the Complaint.

32. *On July 30, 2021, Defendant sent a questionnaire to Plaintiff, questioning her sincerely held religious beliefs, asking if Plaintiff was ever vaccinated before, with what and when, and if Plaintiff ever previously took manufactured medications, what and when.*

**ANSWER:** Central States denies each and every allegation in Paragraph 32, except admits that, on July 30, 2021, it sent a questionnaire to Plaintiff, to clarify and understand Plaintiff's alleged religious beliefs, including questions regarding Plaintiff's history of vaccinations and manufactured medications.

33. *On August 4, 2021, Plaintiff responded to the questionnaire, advising that she had received a vaccination when she was a child and that she does not use manufactured medications. Fernandez further stated that the COVID-19 vaccine was tested on animals, and as such, contrary to her spiritual belief which honors animals. Fernandez also stated that she converted to veganism to align with her spiritual beliefs.*

10

**ANSWER:** Central States denies the allegation in Paragraph 33 that Plaintiff stated that she "does not use manufactured medications," but admits the remaining allegations in Paragraph 33.

34. *On August 13, 2021, Defendant denied Plaintiff's request for a religious exemption. Defendant stated that it was "not clear how the practice of Shaman beliefs equates to the practice of a religion, rather than a sociological or philosophical set of beliefs."*

**ANSWER:** Central States admits only that it denied Plaintiff's religious exemption request on August 13, 2021, and the content of the denial speaks for itself. Central States denies any remaining allegations in in Paragraph 26.

35. *Fernandez questioned whether this analysis of her religion was one that Defendant was allowed to legally determine. She wrote: "This is an intrusion on my religious and spiritual practice. I don't feel comfortable with my employer invading my privacy, especially those who will review my special accommodation [request] and have other beliefs that are in alignment with abolishing my practice." She went on to state that "I will wear my mask at all times per guidelines given by [Defendant] and stay at my desk at all times, avoiding in-person conferences and [taking] weekly COVID tests at the expense of my employer."*

**ANSWER:** Central States denies knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 35, and on that basis denies the same.

36. *Defendant then sent Plaintiff written notice that her religious accommodation was denied and directed her to get the COVID-19 vaccine within seven days. Defendant further stated that if Plaintiff was not vaccinated within seven days, she would be denied the ability to work at the office and she would no longer be able to work from home. Defendant stated that it would then terminate Plaintiff once she reached the maximum number of unexcused absences.*

**ANSWER:** Central States admits only that it presented Plaintiff with written notice that Central States denied Plaintiff's request and that she was required to comply with Defendant's COVID-19 vaccine mandate contained in its Vaccination Policy, the content of which speaks for itself. Central States denies any remaining allegations contained in Paragraph 36.

37. *Plaintiff did not get the COVID-19 vaccine because to do so would violate her sincerely held religious beliefs.*

11

**ANSWER:** Central States denies knowledge or information sufficient to form a belief as to the veracity of the allegations in Paragraph 37, and on that basis denies the same.

38. *On October 22, 2021, Plaintiff filed a charge of discrimination with the EEOC stating: "I was hired by Respondent on or about November 30, 2015. My current position is Pension Analyst. During my employment, I was subjected to national origin-based harassment. I complained to Respondent without remedy. On or about July 30, 2021, I requested a religious exemption to the COVID-19 vaccination mandate, which was denied. I believe I have been discriminated against because of my religion, Shaman; my national origin, Hispanic, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended."*

**ANSWER:** The allegations in Paragraph 38 regarding Plaintiff's alleged claims related to national origin require no answer as the Court, pursuant to its Memorandum Opinion and Order (Dkt. #25), issued on September 17, 2024, dismissed Plaintiff's national origin discrimination claim and held that Plaintiff may not rely on those allegations in this case. Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 38 of the Complaint.

39. *On April 14, 2022, Plaintiff had not received the COVID-19 vaccine, and Defendant fired her as it said it would.*

**ANSWER:** Central States admits the allegations in Paragraph 39.

40. *On March 23, 2023, Plaintiff amended her EEOC Charge to include the following: "I filed a charge of discrimination with the EEOC on or about October 22, 2021. Since filing my charge of discrimination, I was placed on an unpaid leave of absence and discharged on or about April 14, 2022."*

**ANSWER:** Central States admits that Plaintiff filed an amended EEOC charge on March 23, 2023, the content of which speaks for itself. Central States denies each and every remaining allegation in Paragraph 40.

41. *On June 7, 2023, the EEOC issued a determination finding that "the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party, and a class of employees, by denying them an exemption to Respondent's mandatory Covid-19 vaccination policy as a religious accommodation, in violation of Title VII. I*

12

*have also determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent retaliated against Charging Party, and a class of employees, for engaging in protected activity, by placing them on an unpaid leave, and subsequently discharging them, in violation of Title VII."*

**ANSWER:** Central States admits that the EEOC issued a determination on June 7, 2023, the content of which speaks for itself. Defendant denies the remaining allegations in Paragraph 41, including that Central States engaged in any unlawful employment practice or is obligated to provide Plaintiff with any relief.

42. *Defendant engaged in unlawful employment practices in violation of sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a). Specifically, Defendant: failed or refused to provide Plaintiff with a reasonable accommodation of her sincerely held religious beliefs; discriminated against Plaintiff on the basis of her religion and Mexican and Hispanic national origin and heritage; and retaliated against Plaintiff by placing her on unpaid administrative leave and ultimately terminating her employment on account of her engaging in a protected activity.*

**ANSWER:** Paragraph 42 of the Complaint contains factual allegations to which Central States does not need to respond pursuant to the Court's Memorandum Opinion and Order (Dkt. #25), issued on September 17, 2024, dismissing Plaintiff's claims of national origin discrimination and retaliation and holding that Plaintiff may not rely on such allegations in this case. To the extent an answer is required, Central States denies each and every allegation in Paragraph 42, except avers that Central States did not provide Plaintiff with an accommodation because she was not entitled to one.

43. *Fernandez is a practicing Shaman who believes that manufactured drugs and vaccines are antithetical to her religion.*

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 43 of the Complaint.

44. *Defendant's requirement that Plaintiff receive the COVID-19 vaccination conflicted with Fernandez's sincerely held religious beliefs.*

13

**ANSWER:** Central States denies knowledge and information sufficient to form a belief as to the truth, falsity, or sincerity of Plaintiff's religious beliefs, and on that basis denies each and every remaining allegation in Paragraph 44 of the Complaint.

45. *Defendant knew that Fernandez's religious beliefs conflicted with its requirement that she receive the COVID-19 vaccine.*

**ANSWER:** Central States denies each and every allegation in Paragraph 45.

46. *Defendant took adverse employment action against Fernandez because she failed to comply with its requirement that she receive the vaccine and on account of her religion, national origin and in retaliation for engaging in a protected activity.*

**ANSWER:** Central States admits that it terminated Plaintiff's employment under Defendant's Attendance Policy because of Plaintiff's accumulation of unexcused absences due to her failure to comply with Central States' COVID-19 Vaccine Policy. Central States specifically denies the remaining allegations in Paragraph 46 to the extent they imply Central States committed any wrongdoing or violation of the law.

47. *The effect of the practices complained of in paragraphs 11-46 above has been to deprive Fernandez of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs and/or national origin.*

**ANSWER:** Central States denies each and every allegation in Paragraph 47.

48. *The unlawful employment practices complained of in paragraphs 11-46 above were and are intentional.*

**ANSWER:** Central States denies each and every allegation in Paragraph 48.

49. *The unlawful employment practices complained of in paragraphs 11-46 above were done with malice or with reckless indifference to the federally protected rights of Fernandez.*

**ANSWER:** Central States denies each and every allegation in Paragraph 49.

### PRAYER FOR RELIEF

*Wherefore, Plaintiff respectfully requests that this Court:*

  A. *Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against persons on the basis of their national origin, and/or religion, including by failing to accommodate such persons' sincerely held religious beliefs.*

  B. *Order Defendant to promulgate and carry out policies, practices, and programs which provide equal employment opportunities to persons protected by Title VII and that eradicate the effects of its past and present unlawful employment practices, including discrimination and retaliation.*

  C. *Order Defendant to make whole Fernandez by providing her appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.*

  D. *Order Defendant to make whole Fernandez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be determined at trial.*

  E. *Order Defendant to make whole Fernandez by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.*

  F. *Order Defendant to pay Fernandez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.*

  G. *Grant such further relief as the court deems necessary and proper.*

  H. *Award the Plaintiff her attorneys fees and costs of this action.*

**ANSWER:** Central States denies that Plaintiff is entitled to recover any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

  1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

  2. Central States did not act in malicious or reckless conduct but acted in good faith to comply with applicable law; acted with reasonable grounds to believe that its actions did not violate the law cited in the Complaint; and did not act with willfulness or intent to violate the law so as to give rise to any claim for punitive damages.

15

3. All or part of Plaintiff's claims are or may be barred by the doctrines of waiver, estoppel, consent, unclean hands, and laches.

4. Plaintiff did not provide Central States proper or adequate notice of her allegedly sincerely held religious beliefs in support of Plaintiff's request for an exemption from the vaccination requirement.

5. Plaintiff's request that she be allowed to work fulltime from home as an accommodation was unreasonable because some in-person attendance at work is an essential function of Plaintiff's job and a business necessity, and would cause Defendant undue hardship, including as an exception to a collectively bargained and implemented policy between Defendant and Teamsters Local Union No. 743.

6. Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Complaint.

**WHEREFORE**, Central States respectfully requests that this Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint and all claims set forth therein with prejudice and grant such other and further relief as this Court may find just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this action.

Dated: <u>November 7, 2024.</u>   Respectfully submitted,

**CENTRAL STATES PENSION FUND**

By: _____
Michael S. Ferrell, one of its attorneys
Epstein Becker & Green, P.C.
227 West Monroe Street, Suite 4500
Chicago, Illinois 60606
Email: mferrell@ebglaw.com
Tel: 312.499.1480
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 7th day of November, 2024, he caused a copy of the foregoing **Defendant's Answer and Defenses to Plaintiff's Complaint** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which sent notification of such filing to the following ECF participants, via email:

Ethan G. Zelizer
HR Law Counsel, LLC
29 South Webster Street
Suite 350-C
Naperville, IL 60540
ethan@hrlawcounsel.com

_____
Michael S. Ferrell, Attorney for Defendant

Firm:66140885v2